UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURT LOWDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01216-TWP-MPB |
| | ) | |
| PAUL TALBOT, | ) | |
| LAFLOWER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Preliminary Injunction**

This matter is before the Court on Plaintiff Curt Lowder's ("Mr. Lowder") Motion for Preliminary injunction. At the time of the filing of this lawsuit, Mr. Lowder was an Indiana prison inmate incarcerated in the Indiana State Reformatory (ISR) in Pendleton, Indiana. He sued Dr. Paul Talbot and Health Services Administrator LaFlower, medical employees at ISR, for their alleged deliberate indifference to his serious medical needs. He seeks specific medical treatment and medications. After defendants answered, Mr. Lowder filed this motion for a preliminary injunction seeking essentially the same relief he seeks in his lawsuit. Defendants responded in opposition to the motion. Mr. Lowder did not reply. For the reasons stated below, the motion, dkt. [18] is **denied**.

### I. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three

requirements." *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

## II. Discussion

Before arriving at ISR, Mr. Lowder was incarcerated at the Wabash Valley Correctional Facility (WVCF). While there he had seen outside medical provider Dr. Kurt Madsen, and apparently medical providers at WVCF followed the specialist's recommendations in some respects. He received Ultram, Gabapentin, Tylenol, and other non-steroidal anti-inflammatory medications for pain, as well as Pepcid for a gastrointestinal condition. After he was transferred from WVCF to ISR, defendants changed his treatment, specifically discontinuing Ultram. Mr. Lowder also contends that Dr. Madsen recommended surgery, but defendants will not follow that recommendation. Mr. Lowder contends he is in pain because defendants' have been deliberately indifferent to his serious medical needs by not following Dr. Madsen's recommendations.

The Court will address the three *Valencia* factors to assess Mr. Lowder's motion.

### A. Likelihood of Success on the Merits

Mr. Lowder's argument that he is likely to succeed on the merits of his claims are premised on the assertion that defendants are deliberately indifferent because they are not following Dr. Madsen's recommendations. Defendants offer evidence that they are providing constitutionally adequate medical treatment, and therefore Mr. Lowder's likelihood of success on the merits is not a foregone conclusion.

To state a valid Eighth Amendment claim for inadequate medical care, Mr. Lowder must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A deliberate indifference claim is comprised of two elements: one objective and one subjective. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). Defendants do not dispute that Mr. Lowder suffers from serious medical conditions. To demonstrate deliberate indifference to a serious medical judgment a plaintiff must show that medical decisions were "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [they] . . . did not base the decision[s] on such a judgment." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017).

"Under the Eighth Amendment, [a plaintiff] is not entitled to demand specific care. [H]e is not entitled to the best care possible. [H]e is entitled to reasonable measures to meet a substantial risk of serious harm to [him]." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mr. Lowder "is not entitled to demand specific care." *Id.*

In Dr. Talbot's affidavit submitted in opposition to the motion for preliminary injunction, he states that when Mr. Lowder arrived at ISR, he reviewed Mr. Lowder's records and performed research on recommended treatments for Mr. Lowder's conditions. He prescribed Mobic for pain, which is a long-acting non-steroidal anti-inflammatory medication and recommended, with exercise, for the condition afflicting Mr. Lowder. He also determined that Gabapentin was no

3

longer recommended for Mr. Lowder's condition, so he ordered a gradual reduction of the Gabapentin. Dr. Talbot also states that there was no specific recommendation from Dr. Madsen for Mr. Lowder to receive any back or hip surgery. Finally, Dr. Talbot continued Mr. Lowder's prescription for Pepcid.

Dr. Talbot also states in the affidavit that he has seen Mr. Lowder numerous times in 2017 and 2018, and Mr. Lowder does not require a cane, walker, or wheelchair, is able to walk to the health care unit, get up and down from the examination table, and dress and bathe himself. While Mr. Lowder always asks for Ultram, Dr. Talbot states that his physical findings and the medical research do not warrant that medication. Finally, Dr. Talbot states that Mr. Lowder has not been taking the prescribed pain medications, but is refusing them and demanding Ultram instead.

As noted, Mr. Lowder did not reply to defendants' response which contains Dr. Talbot's affidavit.

This record indicates that defendants are aware of and monitoring Mr. Lowder's condition and have prescribed him appropriate medications. Thus Mr. Lowder has not shown that he is likely to succeed on the merits of his claims alleging that defendants are being deliberately indifferent to his serious medical needs. "Less efficacious treatment – chosen *without* the exercise of professional judgment – can constitute deliberate indifference, *see Petties v. Carter*, 836 F.3d 722, 730 [(7th Cir. 2016)], but Mr. Lowder has not presented evidence that his treatment departed from accepted medical judgment, practice, or standards." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017) (emphasis added). He simply refers to Dr. Madsen's recommendations, which is not sufficient to demonstrate that he will likely succeed on the merits.

### B. Irreparable Harm

"[H]arm is considered irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ,* 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). Mr. Lowder has failed to establish that he is at risk of suffering irreparable harm if his injunctive relief is not granted. While he contends that without surgical intervention he may lose the use of a limb, this is a conclusory statement not supported by this record. As for his pain, Dr. Talbot stated in his affidavit that Mr. Lowder is offered pain medication but refusing it, demanding his preferred Ultram. The Court discerns no appreciable danger of irreparable harm.

### C. Inadequate Legal Remedies

"The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304).

Mr. Lowder has not shown that he his remedy at law would be inadequate to the harm suffered. He offers no argument or authority to demonstrate that, should this request for a preliminary injunction be denied, he does not have an adequate remedy at law by pursuing this action to its conclusion.

### III. Conclusion

Because Mr. Lowder has not shown that he is entitled to a preliminary injunction by meeting any of the three threshold requirements, *see Valencia*, 883 F.3d at 966, his motion for a preliminary injunction, dkt. [18], is **denied**.

**IT IS SO ORDERED**.

Date: 3/29/2019

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Curt Lowder
972067
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel